**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 93-1292
Conference Calendar

DANNY R. GRAVES,

Plaintiff-Appellant,

versus

JUDGE JACK HAMPTON, ET AL.,

Defendants-Appellees.

**CONSOLIDATED WITH**

No. 92-9114
Conference Calendar

RONALD HARLAN EDMONDS,

Plaintiff-Appellant,

versus

MICHAEL FITZPATRICK, Warden,
FCI Big Spring, Texas, ET AL.,

Defendants-Appellees.

**CONSOLIDATED WITH**

No. 93-1432
Conference Calendar

CHRIS LOPEZ,

Plaintiff-Appellant,

versus

BRANCH T. COE, M.D.,
Hale County Jail Physician,

Defendant-Appellee.

Appeals from the United States District Court
For the Northern District of Texas

( August 26, 1993 )

Before POLITZ, Chief Judge, WIENER and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

We have consolidated the captioned cases for appeal and publish our disposition thereof for two purposes: (1) to inform the bench, bar, and public of the adoption of our Conference Calendar procedure in this circuit and to explain its operation;[1] and (2) to clarify the basis for and effect of the dismissal of *in forma pauperis* filings under 28 U.S.C. § 1915(d).

## Conference Calendar

The inexorable increase in appeals has mandated a constant review and refinement of appellate procedures in order to maintain an acceptable level of timely dispositions.[2] One refinement has been the introduction of the Conference Calendar in which a panel

---

[1] For a detailed discussion, including a statistical analysis, see the Foreword to the Texas Tech Law Review, Vol. 24 (1993), written by our colleague Judge Jerry E. Smith.

[2] United States Courts of Appeals typically maintain records on a statistical year beginning on July 1 and continuing until the following June 30. Appeals filed in the Fifth Circuit as of June 30 of the indicated year were as follows: 1989-4,743; 1990-5,052; 1991-5,598; 1992-6,421; 1993-6,695. "[P]risoner *pro se* cases have consistently comprised approximately one quarter of the docket of this court." **Wilson v. Barrientos**, 926 F.2d 480, 482 (5th Cir. 1991). Although authorized 17 active judges, for the past three years we have had 14 or less active judges. For the past 20 months we have had 13 active judges.

of judges meets, typically for four days, and resolves an average of 30 cases per day. Prior to the collegial conference, the panel members read the briefs and a bench memorandum prepared by staff counsel in each of the cases to be decided at conference. Each panel member personally reviews the records of one-third of the day's cases and takes the lead in the discussion of those cases following a presentation by staff counsel. Prior to the conference a draft of the proposed per curiam opinion is reviewed and revised, as needed, by the judge responsible for the record analysis. The panel thoroughly discusses the appellate issues and resolves same, making such changes as may be appropriate in the proposed opinion. With the aid of modern technology, all revisions are promptly completed and the opinions are approved, signed, and filed with the clerk of court.

Our Conference Calendar practice is now in its second year of operation. We plan sessions on alternate months and anticipate average dockets of 120 cases per session. Every active judge on our court has served on at least one Conference Calendar panel and most have served on two or more. We are unanimous in our conclusion that cases decided on the Conference Calendar receive a fully adequate allocation of quality judicial time and attention.

### **Graves** – No. 93-1292

Danny R. Graves appeals the dismissal pursuant to 28 U.S.C. § 1915(d) of his section 1983 civil rights claim. We modify and affirm.

3

Graves, proceeding *in forma pauperis*, filed suit against Judge Jack Hampton, John Vance, the District Attorney for Dallas County, and Harris M. Samuel, a private citizen, alleging false imprisonment as a result of his prosecution and conviction for forgery. Finding all defendants immune from suit the district court invoked section 1915(d) and dismissed the complaint as frivolous.

Dismissal of an *in forma pauperis* petition under 28 U.S.C. § 1915(d) is appropriate if the district court is "satisfied that the action is frivolous or malicious." An action is frivolous if it "lacks an arguable basis either in law or in fact."[3] We review a district court's section 1915(d) dismissal utilizing the abuse of discretion standard.[4]

A claim is based upon an indisputably meritless legal theory if the defendants are immune from suit.[5] Graves advances three such claims. Judicial officers are entitled to absolute immunity from damage claims arising out of acts performed in the exercise of their judicial functions.[6] The claims against Judge Hampton are based upon his actions during Graves' criminal trial SQ actions well within the ambit of the judge's absolute immunity.

A criminal prosecutor also enjoys absolute immunity from

---

[3] **Neitzke v. Williams**, 490 U.S. 319, 325 (1989).

[4] **Denton v. Hernandez**, 112 S.Ct. 1728 (1992).

[5] **Neitzke**, 490 U.S. at 327.

[6] **Mitchell v. McBryde**, 944 F.2d 229 (5th Cir. 1991).

4

section 1983 damage claims for presenting the state's case.[7]  This immunity applies to the prosecutor's actions in initiating prosecution and in carrying the case through the judicial process.[8]  Graves' claims against Vance are based on Vance's prosecution of Graves for forgery, actions obviously within the scope of the prosecutorial immunity.[9]

Finally, the district court dismissed Graves' claims against Samuel because Graves did not allege any facts which would make Samuel a state actor.  Graves alleges only that Samuel made a false statement against him.  A witness is entitled to absolute immunity from section 1983 damage claims, even if it is alleged that the witness committed perjury.[10]

Because all three defendants are immune from suit, dismissal under section 1915(d) was proper; Graves' claims against these defendants have no arguable basis in law.[11]  Graves insists, however, that the court erred in not allowing him to amend his complaint to cure any defects.[12]

---

[7]  **Imbler v. Pachtman**, 424 U.S. 409 (1976).

[8]  **Young v. Biggers**, 938 F.2d 565 (5th Cir. 1991), <u>cert</u>. <u>denied</u>, 112 S.Ct. 1485 (1992).

[9]  Graves also alleges that Vance used tampered evidence.  A prosecutor is immune, however, even if accused of knowingly using perjured testimony.  **McCoy v. Gordon**, 709 F.2d 1060 (5th Cir. 1983); **Henzel v. Gerstein**, 608 F.2d 654 (5th Cir. 1979).

[10]  **Briscoe v. LaHue**, 460 U.S. 325 (1983); **Young.**

[11]  **Neitzke.**

[12]  Graves confuses a section 1915(d) dismissal as frivolous with dismissals for failure to state a claim under Fed.R.Civ.P. 12(b)(6).  Although "[u]nder Rule 12(b)(6), a plaintiff with an

5

In **Denton**, the Court noted that among the pertinent factors in determining whether a district court has abused its discretion in dismissing a complaint under section 1915(d), is the inquiry whether the dismissal is with or without prejudice.[13]  "[I]f it appears that frivolous factual allegations could be remedied through more specific pleading, a court of appeals reviewing a section 1915(d) disposition should consider whether the District Court abused its discretion by dismissing the complaint with prejudice or without leave to amend."[14]

The judgment dismissing Graves' complaint contains no language advising whether the dismissal is with or without prejudice. Although the general rule is that a dismissal is with prejudice unless otherwise specified,[15] the application of that general rubric

_____

arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon," section 1915(d) provides no such procedural protections.  **Neitzke**, 490 U.S. at 329-30.

[13]  "In reviewing a § 1915(d) dismissal for abuse of discretion, it would be appropriate for the court of appeals to consider, among other things, whether the plaintiff was proceeding *pro se*, whether the court inappropriately resolved genuine issues of disputed fact, whether the court applied erroneous legal conclusions, whether the court has provided a statement explaining the dismissal that facilitates 'intelligent appellate review,' and whether the dismissal was with or without prejudice."  112 S.Ct. at 1734 (citations omitted).

[14]  **Id**.

[15]  See Fed.R.Civ.P. 41(b) which provides in pertinent part:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as

to section 1915(d) dismissals is by no means certain.

In **Denton**, the Supreme Court noted:

> Because a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations.  It could, however, have a *res judicata* effect on frivolousness determinations for future *in forma pauperis* petitions.[16]

This suggests that section 1915(d) dismissals generally are to be without prejudice.  Thus, when a section 1915(d) dismissal is silent, we will presume that the dismissal is without prejudice. This does not mean, however, that a section 1915(d) dismissal should never be with prejudice.[17]  Should the court determine to dismiss with prejudice, appropriate reasons must be assigned.  For example, if it is clear from the face of the complaint that the claims asserted are subject to an obvious meritorious defense, such as a peremptory time bar, dismissal with prejudice would be appropriate, for no amendment or subsequently paid filing could overcome the fatal defect.[18]  Dismissal with prejudice also would be appropriate if the plaintiff has been given an opportunity to expound on the factual allegations by way of a **Watson**

---

an adjudication on the merits.

[16]  112 S.Ct. at 1734.

[17]  If such were the case, **Denton**'s direction that the appellate court reviewing a section 1915(d) dismissal should consider whether the dismissal was with or without prejudice would be meaningless.

[18]  **Ali v. Higgs**, 892 F.2d 438 (5th Cir. 1990).

questionnaire[19] or orally via a **Spears** hearing,[20] but does not assert any facts which would support an arguable claim.[21] Finally, claims which otherwise clearly have <u>no</u> arguable basis in law,[22] thereby negating a rectification by amendment, usually should be dismissed with prejudice.

Graves' claims were dismissed without prejudice. Because his claims clearly lack an arguable basis in law, the trial court's dismissal should have been with prejudice. As so modified, the judgment of the district court is AFFIRMED.

---

[19] **Watson v. Ault**, 525 F.2d 886 (5th Cir. 1976).

[20] **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985). For a discussion of the scope and purposes of a **Spears** hearing, see **Wilson v. Barrientos**, 926 F.2d 480 (5th Cir. 1991). Other procedures may also be available for the district court to "pierce the veil of the complaint's factual allegations." **Neitzke**, 490 U.S. at 327. For example, we have cited with approval a procedure developed by the Tenth Circuit "order[ing] that prison officials investigate the facts surrounding a civil rights suit by inmates to construct 'an administrative record . . . to enable the trial court to . . . make a determination [of frivolity].'" **Cay v. Estelle**, 789 F.2d 318, 323 n.4 (5th Cir. 1986) (citing **Martinez v. Aaron**, 570 F.2d 317 (10th Cir. 1978)).

[21] **Whittington v. Lynaugh**, 842 F.2d 818 (5th Cir.), <u>cert</u>. <u>denied</u>, 488 U.S. 840 (1988) (following **Spears** hearing claim was dismissed per section 1915(d) because plaintiff did not "advance the slightest factual support for his allegations"); <u>see</u> **Parker v. Fort Worth Police Dept.**, 980 F.2d 1023 (5th Cir. 1993) (abuse of discretion found in section 1915(d) dismissal based on consideration of the petition only; court should have granted leave to amend); <u>but</u> <u>see</u> **Murphy v. Kellar**, 950 F.2d 290 (5th Cir. 1992) (following a **Spears** hearing, court allows *pro se* petitioner to conduct limited discovery to more adequately state his claim).

[22] For example, claims of infringement of a legal interest which clearly does not exist would fall into this category. <u>See</u> **Neitzke**, 490 U.S. at 327.

## **Edmonds** - No. 92-9114

Ronald Harlan Edmonds invokes 42 U.S.C. § 1983 and complains that his eighth amendment rights were violated by incompetent medical personnel in the federal prison.[23] It is firmly established that negligent or mistaken medical treatment or judgment does not implicate the eighth amendment and does not provide the basis for a civil rights action.[24] It is irrefutable that Edmond's claim has no arguable basis in law and it is therefore subject to dismissal with prejudice. The trial court's judgment is accordingly modified to so provide and, as modified, is AFFIRMED.

## **Lopez** - No. 93-1432

Chris Lopez also complains of inadequate medical treatment. To state a cognizable claim under 42 U.S.C. § 1983 a prisoner must allege and be able to prove that the defendants exhibited "deliberate indifference to his serious medical needs."[25] Lopez complains only of negligence and malpractice. His claims manifestly have no arguable basis in law and must be dismissed. They should be dismissed with prejudice and, modified to reflect such, the judgment of the district court is AFFIRMED.

---

[23] Because federal personnel are the only defendants, the action is properly brought under the eighth amendment itself. **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971).

[24] **Varnado v. Lynaugh**, 920 F.2d 320 (5th Cir. 1991).

[25] **Id.** at 321 (citation omitted).