Aaron J. **HUNTER**, Plaintiff

v.

**CITY OF BEAUMONT,**
et al., Defendants.

No. 1:94–CV–0421.

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 6, 1994.

tention in violation of 42 U.S.C. § 1983. Plaintiff alleges that Defendants, Judge Lupe Flores (Flores), Judge Cheryl Cooper (Cooper), Beaumont Mayor Evelyn Lord, Beaumont City Councilman David Moore, and Beaumont city attorneys Pamela Ener (Ener) and Lane Nichols (Nichols), conspired to selectively prosecute him for allegedly violating local zoning ordinances and threatening to kill Judge Cooper. He also maintains that Defendants failed to follow established procedures when issuing warrants for his arrest.

Defendants, understandably confused by Plaintiff's somewhat disjointed complaint, request a more definite statement and ask this court to order Plaintiff to file an amended complaint.

This court finds that four of the Defendants, Flores, Cooper, Nichols, and Ener, are entitled to absolute immunity and that Plaintiff may not pursue a § 1983 action against the remaining Defendants until his underlying convictions are reversed. Accordingly, the action against Flores, Cooper, Nichols and Ener is dismissed with prejudice on the ground of absolute immunity and the action against the remaining Defendants is dismissed with prejudice on the ground that no such action exists unless a plaintiff's conviction is reversed, expunged or called into question.

### Background [1]

Plaintiff owns a business in Beaumont, Texas. In the Spring of 1994, Plaintiff's business was cited for 16 violations of local building codes. His case was pending before Judge Flores. He failed to appear at the appointed time and place and a warrant was issued for his arrest. Plaintiff was arrested and released on bond. He apparently also had dealings with Judge Cooper (whether Judge Cooper was involved in the building code violation action is unclear). Plaintiff, apparently dissatisfied with the way Judge Cooper handled his case, allegedly threatened to kill her. A warrant was issued and

Aaron Hunter, pro se.

Joseph P. Sanders, Asst. City Atty., Beaumont, TX, for defendants.

### MEMORANDUM OPINION

COBB, District Judge.

Plaintiff, Aaron Hunter, initiated this suit pro se to recover damages for alleged unconstitutional prosecution, conviction, and/or de-

1. This is the best the court can do. Plaintiff's complaint falls far short of a model statement of the facts.

he was arrested. The cases were prosecuted by Ener and Nichols.

Plaintiff now claims that he was selectively chosen for prosecution (presumably due to his race) in violation of his Fourteenth Amendment rights.

## Discussion

█ This court begins by acknowledging Defendant's concern that it is difficult to separate Plaintiff's general disgruntlement from allegations which, if true, could form the basis of a cognizable action. The Supreme Court, however, requires that greater tolerance be given to papers filed by pro se litigants. A pro se litigant's pleadings are to be construed liberally. *Boag v. McDougall,* 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1981); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). With this in mind, the court notes that although Plaintiff does not specifically assert a § 1983 violation for unconstitutional prosecution, conviction, and/or detention, this cause of action could exist if all of the facts alleged by Plaintiff are true.

### A.

█ This court must resolve any questions regarding absolute immunity before it entertains Plaintiff's § 1983 claims. *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (absolute immunity is a threshold question); *Boyd v. Biggers,* 31 F.3d 279 (5th Cir.1994).

█ "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers,* 31 F.3d 279 (5th Cir.1994) (citing *Graves v. Hampton,* 1 F.3d 315, 317 (5th Cir.1993). A plaintiff can only overcome judicial immunity by demonstrating that the jurist's actions are of a nonjudicial nature or that the actions were taken in the complete absence of jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). "A judges acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers,* 31 F.3d

279 (5th Cir.1994) (quoting *Mireles,* 502 U.S. at ——, 112 S.Ct. at 288). Judge Flores and Judge Cooper are joined in this lawsuit because they presided over cases in which Mr. Hunter was a defendant. Any improper actions by Judge Flores or Judge Cooper are therefore cloaked in absolute immunity. Accordingly, the claims against Judge Flores and Judge Cooper are dismissed with prejudice.

█ Criminal prosecutors also enjoy absolute immunity from claims arising out of their presentation of the state's case. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The immunity extends from the decision to initiate prosecution to all actions taken that move the case through the judicial process. *Graves,* 1 F.3d at 318. Plaintiff's sole claim against Ener and Nichols is that they maliciously singled him out for prosecution. Such accusations, even if true, are within the ambit of prosecutorial absolute immunity. The actions against Nichols and Ener are therefore dismissed with prejudice.

### B.

The Supreme Court recently held in *Heck v. Humphrey,* —— U.S. ——, ——, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."

█ Plaintiff fails to make a showing that any tribunal has cast the slightest doubt upon the propriety of either of his convictions. Until the underlying convictions are reversed, expunged, or declared invalid, no § 1983 *action will lie.*

█ *Heck* also holds that a § 1983 action for an unconstitutional conviction or imprisonment does not even arise until the underlying conviction or imprisonment is called into

question. *Heck,* —— U.S. at ——, 114 S.Ct. at 2374. Plaintiff therefore faces no statute of limitations problem and there is no need to hold this action in abeyance pending the appeal of his state conviction. *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir.1994). Instead, this court must dismiss Plaintiff's suit against the remaining Defendants with prejudice. *Stephenson,* 28 F.3d at 28; *see also Graves,* 1 F.3d at 319 (dismissal with prejudice proper if claim has *no* arguable basis in law).[2]

### ORDER

Before the court is the Plaintiff's Original Complaint. For the reasons set out above, this court is of the opinion that the Plaintiff's case should be should be DISMISSED with prejudice.

2.  Plaintiff is free to re-file this suit if his § 1983 action ever arises. That is, if his conviction is ever reversed, expunged or called into question. Of course, Judge Flores, Judge Cooper, Ener and Nichols cannot be named as defendants in any subsequent suit as their immunity is absolute.