IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10055
Summary Calendar
_____

RONNIE ANDERSON,

Plaintiff-Appellant,

versus

DAVID WILLIAMS, Tarrant County Sheriff,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the
Northern District of Texas
(4:94-CV-862-Y)
_____

(April 24, 1995)

Before JOHNSON, DUHE, and BENAVIDES, Circuit Judges.

JOHNSON, Circuit Judge:[1]

Plaintiff-Appellant Ronnie Anderson ("Anderson") appeals the district court's dismissal of his section 1983 civil rights suit against David Williams, Sheriff of Tarrant County, Texas ("Sheriff Williams"). Because we completely agree with the district court that Anderson's section 1983 claim against Sheriff Williams is frivolous and without merit, we dismiss the appeal.

---

[1]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to this Rule, the Court has determined that this opinion should not be published.

I.  Facts and Procedural History

Anderson filed a section 1983 civil rights suit against Sheriff Williams, claiming that the Tarrant County Jail prints its name or trademark on Anderson's private mail and that such mark "causes unjust prejudice and discrimination against Plaintiff and receiver at receiver's place of address" and violates his "right to remain private in papers."  Record at 5.  Anderson requested that the district court enjoin the Tarrant County Jail from printing its name or trademark on prisoners' private out-going mail.

Anderson argues that the Tarrant County Jail seizes his property when it places its name or trademark on his mail and that by seizing and marking the mail, his Fourth Amendment right to be secure in his papers and effects is violated.  He argues that the placing of such marks on his private mail causes suffering and emotional distress.  He claims that the marks violate his First Amendment right to free speech because when he writes to his son the marks indicate to his ex-wife that he is in jail.[2]  Anderson contends that the marking practice impairs his communications and somehow stigmatizes his son.

The district court granted Anderson leave to proceed in forma

---

[2]Anderson raises the First Amendment arguments for the first time on appeal.  Issues raised for the first time on appeal are not reviewable by this Court unless they involve purely legal questions and failure to consider them would result in manifest injustice. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).  There is no manifest injustice in this Court's not reaching the First Amendment claims in this case.  Anderson's First Amendment arguments are frivolous in that he asserts that the First Amendment protects a user of the United States mail from a subjectively unwanted postal mark on the outside of the envelope.  There is no arguable basis in First Amendment law for such a claim.

pauperis and determined that Anderson failed to state a claim under section 1983 because his allegations lacked an arguable basis in law. The district court then dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d), and Anderson now appeals.

## II. Discussion

An in forma pauperis complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(d); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). This Court reviews a section 1915(d) dismissal for abuse of discretion. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993).

The question in an alleged Fourth Amendment violation is whether government officials infringed upon a person's reasonable expectation of privacy. *United States v. Jenkins*, 46 F. 3d 447, 454 (5th Cir. 1995). Anderson had no reasonable expectation of privacy in the exterior of an envelope which he publicly deposited in the United States Postal Service. Therefore, he has no Fourth Amendment protection for the outside of his posted envelopes and, hence, no corresponding section 1983 claim.

## III. Conclusion

Because this appeal is without arguable merit and is thus frivolous, the appeal is dismissed.

APPEAL DISMISSED.

4