**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 95-10216

Summary Calendar

JAMES HENRY HERRING,

Plaintiff-Appellant,

VERSUS

KENNETH DOUGLAS, Judge

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas

(No. 3:95-CV-102-T)

(May 22, 1995)

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant James Henry Herring appeals the dismissal of his 28 U.S.C. § 1915(d) civil rights suit brought against Judge Kenneth Douglas, a Texas Court Judge. Appellant's claims stem from the actions of the state judge in conducting an extradition hearing.

[*] Local Rule 47.5 provides:
"The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

We AFFIRM.

Judicial officers are entitled to absolute immunity from damages brought under 42 U.S.C. § 1983. Except in the clear absence of jurisdiction, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Id. at 356.

A review of the Texas Code reveals that Judge Douglas did have some subject-matter jurisdiction over the case. Tex. Code Crim. Proc. Ann. art. 51.13 § 10 (West 1978) provides that Texas state court judges are vested with the authority to conduct extradition hearings.

Herring's allegations against Judge Douglas are based upon Judge Douglas's actions in conducting an extradition hearing, which is within the scope of his jurisdiction, thus affording him absolute judicial immunity. Judge Douglas did not act in the clear absence of all jurisdiction. See Stump, 435 U.S. at 356-57. Herring's claim is based upon an indisputably meritless legal theory and was thus properly dismissed with prejudice. Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993). The district court did not abuse its discretion by dismissing Herring's complaint pursuant to § 1915(d).

Accordingly, the judgment of the district court is AFFIRMED.