IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40472
Summary Calendar
_____

JOSEPH H. WILLIAMS,

                              Plaintiff-Appellant,

                    versus

JAMES A. COLLINS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                              Defendant-Appellee,

          and

DEVIN C. MUSSLEMAN, Lieutenant
Coffield Unit; DAVID N. DUHON,
Correctional Officer, Coffield Unit;
DAVID T. DOUGLAS, Correctional Officer,
Coffield Unit; DANNY WILLIAMS, Correctional
Officer, Coffield Unit; KENNETH J.
SINGLETARY; STEVEN WILLIAMS, Correctional
Officer, Coffield Unit; DOYLE WOOD,
Correctional Officer, Coffield Unit;
ROBERT LEIS, Correctional Officer, Coffield
Unit; JAMES B. HENRY, Correctional Officer,
Coffield Unit; GARY BROWN, Correctional
Officer, Coffield Unit; JAMES L. HUBERT,
Disciplinary Captain, Coffield Unit;
PATRICK K. VEST, Coffield Unit,

                              Defendants.

_____

Appeal from the United States District Court for
the Eastern District of Texas
(6:94-CV-286)
_____

(October 17, 1995)
Before REAVLEY, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:[*]

The dismissal of this § 1983 action by the district court, on grounds of no arguable merit (§ 1915(d)) is affirmed for the following reasons:

1.  The suit complains of a disciplinary hearing and 1993 confiscation duplicating the events complained of in a previous suit that was dismissed.  Whether or not the prior dismissal was with prejudice, the claim has been litigated and is now foreclosed.  See Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993).

2.  The claim for deprivation of his property by state officials is not a proper § `1983 claim when state law provides an adequate remedy.  However, Williams also argues that the property was confiscated in retaliation for his exercise of his constitutional right of access to the courts.  The difficulty in that, by complaint or in the Spears hearing, Williams was unable to give more than an opinion to support his claim.

3.  Williams abandoned his claim against Captain Hubert by giving no justification or argument to support it.

4.  The disciplinary case was overturned, and the procedure by which it happened is immaterial to this case.

---

Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

5.   The complaint against Collins sets out no connection between Collins and the loss of Williams' good-time credit if the loss is due to administrative error.  If there is no administrative error, he may not challenge his loss of credit by § 1983 but only by habeas corpus.  Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).

6.   He has shown no liberty interest to receive papers following the confiscation of property determined to be contraband.  See Sandin v. Conner, 115 S.Ct. 2293, 2297-2300 (1995).

AFFIRMED.