IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-11192
(Summary Calendar)
_____

BOBBY WATSON,

                                        Plaintiff-Appellant,

                    versus

WAYNE SCOTT; WILLIAM
WHITE; ROBERT CHANCE;
WILLIAM GONZALES; SHIRLEY
HAINES,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(USDC No. 2:95-CV-315)
- - - - - - - - - -
May 16, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Bobby Watson argues that the district court abused its discretion in dismissing his complaint as frivolous. Watson argues that his complaint was dismissed without affording him the opportunity to amend his complaint.

We have reviewed the record, the opinion of the district court, and the brief, and find that the dismissal of the complaint

      [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

as frivolous should be affirmed substantially for the reasons stated by the district court.  See Watson v. Scott, No. 2:95-CV-315 (N.D. Tex. Dec. 7, 1995).  Because Watson has not alleged an arguable constitutional claim or asserted the existence of any further facts which would have sustained an arguable claim, the district court did not abuse its discretion in dismissing the complaint without affording Watson the opportunity to amend.  See Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1994).

Watson argues for the first time on appeal that the defendants executed a clipper-shave policy that discriminated against black inmates suffering from pseudofolliculitis barbae.  The court declines to exercise its discretion to review Watson's claim that the implementation of a new clipper-shave pass policy discriminated against black inmates because the issue involves fact questions which were not addressed in the district court.  See United States v. Vital, 68 F.3d 114, 118 (1995); Highlands Ins. Co. v. National Union Fire Ins. Co., 27 F.3d 1027, 1031-32 (5th Cir. 1994), cert. denied, 115 S. Ct. 903 (1995)).

AFFIRMED.