**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 96-60372
_____


DESMOND EARL PHILLIPS,

Plaintiff-Appellant,

VERSUS


STEVE PUCKETT, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Mississippi
Greenville Division
(4:96-CV-59-S-B)
_____
December 6, 1996

Before WISDOM, DAVIS, and DUHE', Circuit Judges.

Per Curiam:[1]


Desmond Phillips appeals the district court's *sua sponte* dismissal under § 1915(d) of his § 1983 complaint filed *pro se* and *in forma pauperis* alleging that following a prison disciplinary hearing he was placed on close confinement where he has remained for approximately three years without annual classification reviews. We VACATE and REMAND for further proceedings consistent

---

[1]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under limited circumstances set forth in Local Rule 47.5.4.

with this opinion.

I.

We review the district court's Section 1915(d) dismissal of Phillips' complaint for abuse of discretion. <u>Graves v. Hampton</u>, 1 F.3d 315, 317 (5th Cir. 1993). Section 1915(d) "authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if satisfied that the action is frivolous or malicious.'" <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827 (1989)(citing 28 U.S.C. § 1915).

Relying on <u>Sandin v. Conner</u>, 515 U.S. ___ , 132 L.Ed.2d 418, 115 S.Ct. 2293 (1995), the district court dismissed Phillips' complaint as frivolous. In <u>Sandin</u>, the Supreme Court held that thirty days disciplinary confinement did "not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." <u>Sandin</u>, 115 S.Ct. at 2300. In contrast, Phillips' allegation that he has been subject to disciplinary confinement for three years without review arguably presents an "atypical significant deprivation" that implicates a liberty interest. Because the argument is not frivolous, we vacate the district court's dismissal of the suit and remand for reconsideration following further factual development.

VACATED AND REMANDED.