IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20978
_____

JOSEPH BELL,

                                    Plaintiff-Appellant,

versus

A WYATT, Officer,

                                    Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-973
- - - - - - - - - -
April 4, 1997

Before KING, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Joseph Bell, Texas inmate #646053, moves for leave to
proceed in forma pauperis (IFP) on appeal under the Prison
Litigation Reform Act of 1995 (PLRA).  The PLRA requires a
prisoner appealing IFP in a civil action to pay the full amount
of the filing fee, $105.  As Bell does not have funds for
immediate payment of this fee, he is assessed an initial partial
filing fee of $4.67, in accordance with 28 U.S.C. § 1915(b)(1),

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

or the balance of his prison account if the balance is below $4.67.  Following payment of the initial partial filing fee, funds shall be deducted from Bell's prisoner account until the full filing fee is paid.  See § 1915(b)(2).

IT IS ORDERED that Bell pay the appropriate filing fee to the Clerk of the District Court for the Southern District of Texas.  IT IS FURTHER ORDERED that the agency having custody of Bell's inmate account shall collect the remainder of the $105 filing fee and forward for payment, in accordance with § 1915(b)(2), to the Clerk of the District Court for the Southern District of Texas each time the amount in Bell's account exceeds $10, until the appellate filing fee is paid.

Bell challenges the district court's dismissal of his complaint by asserting that his rights to due process were violated by the false disciplinary charge and that he was retaliated against by Wyatt because of his religion and because he filed grievances against her.  For essentially the same reasons upon which the district court relied, see Bell v. Wyatt, No. H-96-0973 (S.D. Tex. Sept. 27, 1996), we conclude that the district court did not abuse its discretion by dismissing the complaint as frivolous.  See Denton v. Hernandez, 504 U.S. 25, 33 (1992).  Bell argues that the district court erred by dismissing with prejudice and without an opportunity for Bell to amend the complaint.  We detect no error.  See Graves v. Hampton, 1 F.3d 315, 318-19 (5th Cir. 1993).

The appeal is without arguable merit and is thus frivolous. Therefore, the appeal is DISMISSED. <u>See</u> 5th Cir. R. 42.2.

This is not the first appeal taken by Bell which we have dismissed as frivolous. <u>See</u> <u>Bell v. Brookshire</u>, No. 95-50507 (5th Cir. Dec. 14, 1995) (unpublished); <u>Bell v. Brookshire</u>, No. 95-50510 (5th Cir. Sept. 15, 1995) (unpublished). A prisoner may not

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Including the dismissal of this appeal and the dismissal of the complaint from which appeal was taken, Bell has four "strikes." <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996). Therefore, except for cases involving an imminent danger of serious physical injury, § 1915(g) bars Bell from proceeding further under § 1915. He may proceed in subsequent civil cases under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

IFP GRANTED; PARTIAL FILING FEE ASSESSED; APPEAL DISMISSED.