IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20548
Conference Calendar

_____

JOSEPH EUGENE JACKSON,

Plaintiff-Appellant,

versus

MARY WARD, Captain,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA H 96-900
- - - - - - - - - -
April 17, 1997

Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Texas state prisoner Joseph Eugene Jackson, No. 673561, appeals the dismissal with prejudice of his 42 U.S.C. § 1983 action as duplicative of a previous civil rights action. This Court GRANTS him leave to proceed in forma pauperis (IFP) on appeal.

Jackson's claims and the surrounding facts are the same as those he raised in his previous suit. The district court did not

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

abuse its discretion in finding Jackson's complaint in this case to be duplicative and in dismissing it under § 1915.  See Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.), cert. denied, 493 U.S. 969 (1989); see also Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993)).

We DISMISS Jackson's appeal of his duplicative lawsuit as without arguable merit and frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.  Jackson's motion to subpoena documentary evidence is also DENIED as frivolous.  We caution Jackson that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Jackson is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

Jackson's current zero balance leaves him unable to pay the initial partial filing fee required by an IFP appellant. However, Jackson is still responsible for payment of the full amount of the filing fee.  He shall make monthly payments of 20 percent of the preceding month's income credited to his account towards full payment of the filing fee.  See 28 U.S.C. § 1915(b)(2).  The agency having custody of Jackson is directed to forward payments from his account to the clerk of the district court each time the amount in his account exceeds $10 until the filing fee is paid.  See id.

IFP GRANTED; APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED AS

FRIVOLOUS; SANCTIONS WARNING ISSUED; FEE ASSESSED.