IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50542
Conference Calendar
_____

LISTON RANDOLPH POSEY, II,

Plaintiff-Appellant,

versus

WALTER S. SMITH, Judge; UNNAMED U.S. ATTORNEY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CV-135-JN
--------------------
February 18, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Liston Randolph Posey, II, federal prisoner # 02528-095, appeals the district court's dismissal of his action filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Posey argues that John Phinizy, the Assistant United States Attorney named as a defendant, acted without jurisdiction and in violation of Posey's due process rights by filing a motion to dispose of Posey's property seized when he was arrested. Posey argues that Judge Smith acted in the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complete absence of jurisdiction in granting the Government's motion to dispose of his property and awarding it to the Limestone County, Texas, Sheriff's Department. Because Phinizy moved to dispose of Posey's property pursuant to 18 U.S.C. § 3665 and the district court acted pursuant to § 3665, Phinizy and Judge Smith are entitled to immunity for their actions taken in their official capacity. See Boyd v. Biggers, 31 F.3ed 279, 285 (5th Cir. 1994)(prosecutorial immunity); Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993)(judicial immunity). Judge Smith did not act in the complete absence of authority. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Further, Judge Smith is not deprived of immunity even if the action is ultimately found to be in error. Id. at 12-13. Posey has not shown that the district court abused its discretion in dismissing his Bivens action for monetary damages against Judge Smith and Phinizy as frivolous pursuant to § 1915(e)(2)(B)(i).

Posey's appeal is without arguable merit and it thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Posey's appeal is DISMISSED as frivolous. See 5TH CIR. R. 42.2.

Posey is advised that the district court's dismissal of his Bivens action as frivolous counts as a "strike" pursuant to 28 U.S.C. § 1915(g) after this court dismisses this appeal and that the dismissal of this appeal also counts as a "strike" pursuant to § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Posey is CAUTIONED that if he accumulates a third "strike," he will not be able to proceed IFP in any civil action

or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).  The motion to supplement is GRANTED.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.