IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31312
Conference Calendar
_____

LARRY LEE JOHNSON,

                                        Plaintiff-Appellant,

versus

JULES THADDEUS FANGUY, Judge, City Court, Houma, LA;
UNIDENTIFIED PARTY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-2886-C
--------------------
April 12, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Larry Lee Johnson appeals the dismissal of his claims

against Judge Jules Thaddeus Fanguy of the City Court of Houma,

Louisiana.  Johnson's 42 U.S.C. § 1983 complaint alleges that

Judge Fanguy violated his civil and constitutional rights in his

rulings in several state-court cases in which Johnson sought rent

from, reimbursement of taxes paid on, and other relief regarding

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

co-owned, inherited property.  Johnson's motion to file his brief in its present form is GRANTED.

Judicial officers such as Judge Fanguy are entitled to absolute immunity from damage claims under § 1983 arising out of acts performed in the exercise of their judicial functions. Mireles v. Waco, 502 U.S. 9, 11-13 (1991); Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993).  The district court did not err in concluding that Judge Fanguy is absolutely immune from suit and in dismissing the claims against him.

The district court lacked subject-matter jurisdiction over Johnson's claims which sought federal appellate review of state-court judgments and are "inextricably intertwined" with those judgments.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 & 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare, 995 F.2d 595, 598-99 (5th Cir. 1993).  The judgment of the district court is affirmed on that ground.  See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

Johnson's requests that we transfer this case to the United States Supreme Court are DENIED.  To the extent that he wishes to seek a writ of certiorari from the United States Supreme Court, he has 90 days after the entry of this opinion in which to file such a petition in the Supreme Court pursuant to the rules of that court.  See SUP. CT. RULES 12-14.  All other pending motions are DENIED.

AFFIRMED.