IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10185
Conference Calendar
_____

ERIC R. HINKLE,

                                        Plaintiff-Appellant,

versus

STEVEN JAMES JOHNSTON; DANIEL ALTMAN; FRED W. DAVIS,
Presiding Judge sued in his individual and official
capacity; TERRIE LIVINGSTON, Justice 2nd Court of Appeals
sued in his individual and official capacity; LEE ANN
DAUPHINOT, Justice 2nd Court of Appeals sued in her
individual and official capacity; DAVID RICHARDS, Justice
2nd Court of Appeals sued in his individual and official
capacity; THOMAS R. PHILLIPS, Chief Justice, Texas Supreme
Court sued in his individual and official capacity; NATHAN L.
HECHT, Justice, sued in his individual and official
capacity; CRAIG T. ENOCH, Justice sued in his individual and
official capacity; PRISCILLA R. OWENS, Justice sued in her
individual and official capacity; JAMES A. BAKER, Justice,
sued in his individual and official capacity; GREG ABBOTT,
Justice, sued in his individual and official capacity;
DEBORAH G. HANKINSON, Justice sued in her individual and
official capacity; HARRIET O'NIELL, Justice sued in her
individual and official capacity; ALBERTO R. GONZALES,
Justice sued in his individual and official capacity,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-44-A
---------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:*

_____

        * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Eric Randall Hinkle, Texas prisoner # 849430, appeals the district court's partial order of dismissal dismissing his 42 U.S.C. § 1983 claims against the Texas judges and justices named in his complaint pursuant to 28 U.S.C. § 1915A(b) based on judicial immunity. Hinkle argues that the judges are not entitled to judicial immunity because they acted in the absence of all jurisdiction in handling his state civil lawsuit. The crux of his jurisdictional argument is that because he was born in Oklahoma, he was not a resident of Texas and so the Texas state courts did not have personal jurisdiction over him or his lawsuit. He also argues that the Texas courts did not impartially consider his lawsuit and dismissed it based on procedural technicalities; that the judges were biased and should have recused themselves; and that the judges wrongfully dismissed his civil lawsuit procedurally under state law.

Judicial officers are entitled to absolute immunity from damage claims under § 1983 arising out of acts performed in the exercise of their judicial functions. Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993). "[J]udicial immunity is not overcome by allegations of bad faith or malice." Mireles v. Waco, 502 U.S. 9, 11 (1991). A judge is not deprived of immunity because the action taken was in error. Id. at 12-13. A judge's immunity is overcome only for actions not taken in the judge's judicial capacity or action taken in complete absence of all jurisdiction. Id. at 11-12.

Hinkle's arguments amount to no more than arguing that the judges' actions were improper. His arguments do not show that

the district court erred in dismissing his claims against the judges under § 1915A(b)(2).  <u>Ruiz v. United States</u>, 160 F.3d 273, 275 (5th Cir. 1998) (<u>de</u> <u>novo</u> review).

Hinkle also argues that the district court erred in dismissing his action for failure to file an amended complaint by the date ordered.  Because Hinkle did not appeal the district court's final judgment dismissing his remaining claims, this court does not have jurisdiction to review that judgment.

Hinkle's appeal is without arguable merit and is frivolous. See <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  <u>See</u> 5TH CIR. R. 42.2.  Hinkle is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  We hereby inform Hinkle that he has accumulated three strikes, and that he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS.