IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30618
Conference Calendar
_____

KEVIN LECOMPTE,

Plaintiff-Appellant,

versus

BARON KAYLO,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-41
--------------------
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kevin LeCompte, Louisiana inmate #187214, appeals from the district court's dismissal for frivolousness of his civil rights complaint. See 28 U.S.C. § 1915(e)(2)(B)(i). A complaint brought in forma pauperis (IFP) may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it lacks an arguable basis in fact or law. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). Review is for an abuse of discretion. Id.

LeCompte raises one challenge to the court's dismissal. He contends that the dismissal of his complaint was error because he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not given the opportunity to amend his complaint and he was not told by the magistrate judge how to amend or about the consequences of not amending. LeCompte confuses a dismissal for frivolousness with a dismissal for failure to state a claim. In general, error ensues when a district court dismisses a claim for failure to state a claim without giving the plaintiff an opportunity to amend. Bazrowx v. Scott, 136 F.3d 1055, 1054 (5th Cir. 1998). A dismissal of a complaint for frivolousness does not provide the plaintiff a similar procedural protection. Graves v. Hampton, 1 F.3d 315, 318 n.12 (5th Cir. 1993).

LeCompte has not demonstrated that the district court abused its discretion in dismissing the IFP complaint as frivolous. This appeal is without arguable merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The appeal is DISMISSED as frivolous. See 5TH CIR. R. 42.2.

This court's dismissal counts as LeCompte's second strike pursuant to 28 U.S.C. § 1915(g); the first strike arising from the dismissal in the district court. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). If LeCompte accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). LeCompte is cautioned to review any pending appeals to ensure that they do not raise frivolous issues.

APPEAL DISMISSED; SANCTION WARNING ISSUED.