IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10034

Summary Calendar

_____


LAWRENCE D. KENEMORE, JR.,

Plaintiff-Appellant,

versus

BAREFOOT SANDERS, ET AL.,

Defendants-Appellees.



_____

Appeal from the United States District Court
for the Northern District of Texas
(94 CV 2227 R)

_____

( August 31, 1995 )

Before HIGGINBOTHAM, DUHÉ, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lawrence D. Kenemore, Jr., an habitual pro se litigant, appeals the district court's dismissal of two related cases. We affirm.

In the first of the two dismissed cases, Kenemore sued Chief Judge Barefoot Sanders and the United States of America, challenging Chief Judge Sanders' denial of his motion to have

_____

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Magistrate Judge Jane Boyle recused.  As the district court rightly noted, "[j]udicial officers are entitled to absolute immunity from damage claims arising out of acts performed in the exercise of their judicial functions." Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993).  Further, sovereign immunity shields the United States from Kenemore's suit, and Kenemore does not assert that any congressional act waives that bar.  Accordingly, we affirm this portion of the judgment.

In the second of the two actions at issue here, Kenemore sued Magistrate Judge Jane Boyle for her decisions in an action to enforce an administrative subpoena against him, and Assistant U.S. Attorney Timothy Hauser for his prosecution of that case.  We lack jurisdiction to hear Kenemore's challenge to the order dismissing this action because Kenemore filed his notice of appeal 61 days after the order's entry.  Kenemore had only 60 days within which to file a notice of appeal in a case in which the United States, a federal officer, or a federal agency is a party.  Fed. R. App. P. 4(a)(1).  Even if we had jurisdiction to consider Kenemore's appeal, we would reject it on the merits.  Magistrate Judge Boyle is shielded by judicial immunity, and AUSA Hauser by prosecutorial immunity.  See Imbler v. Pachtman, 424 U.S. 409 (1976).

Kenemore also objects that the court below dismissed his cases without awaiting an answer by the defendants.  The court may do so. Kenemore lists the remainder of his points at the beginning of his

appellate brief, but he fails to brief them.[1]  We will not consider issues not briefed.  See United States v. Heacock, 31 F.3d 249, 258 (5th Cir. 1994).

Accordingly, we AFFIRM in part and DISMISS in part.

---

[1]  Kenemore contends that the district court was "practicing law from the bench," failed to review his complaint to "see specific U.S. Constitutional violations," and erred in "joining together two cases that are totally un-related in the same memorandum and order."