20-5-ag
Cruz v. Wilkinson

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-one.

PRESENT:  BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges*.

------------------------------------------------------------------

WILDER CRUZ,

*Petitioner*,

v.                                                    No. 20-5-ag

ROBERT M. WILKINSON, ACTING
UNITED STATES ATTORNEY GENERAL,*

*Respondent*.

------------------------------------------------------------------

* Pursuant to Fed. R. App. P. 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted for former Attorney General William P. Barr.

FOR PETITIONER:    KERRY A. DZIUBEK, Arnold &
Porter Kaye Scholer, LLP, New
York, NY (Molly Lauterback,
Andrea A. Sáenz, *on the brief,*
Brooklyn Defender Services,
Brooklyn, NY)


FOR RESPONDENT:    GREGORY A. PENNINGTON, JR.,
Trial Attorney (Carl McIntyre,
*on the brief*) Assistant Director,
Office of Immigration
Litigation, United States
Department of Justice,
Washington, DC


UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals (BIA) decision, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the petition for review is DISMISSED.

Petitioner Wilder Cruz, a citizen of Bolivia, seeks review of the BIA's

March and December 2019 decisions denying his application for cancellation of

removal.  In re Wilder Cruz, No. A 077 942 534 (B.I.A. Dec. 13, 2019); In re Wilder

Cruz, No. A 077 942 534 (B.I.A. Mar. 29, 2019).  On appeal, Cruz raises three

arguments regarding the BIA's March 2019 decision: first, the BIA erroneously

applied a de novo standard of review when it overturned findings of fact of the

immigration judge (IJ) regarding the nature of Cruz's conviction for reckless assault of a child; second, the BIA erroneously overturned the IJ's credibility determination without establishing that the IJ clearly erred; and third, the BIA did not properly consider and weigh all of the evidence in the record. We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to dismiss Cruz's petition.

Our jurisdiction to review the BIA's discretionary denial of cancellation of removal is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D); Barco-Sandoval v. Gonzales, 516 F.3d 35, 36 (2d Cir. 2008). A question of law may arise where the BIA overlooked or mischaracterized evidence, see Mendez v. Holder, 566 F.3d 316, 323 (2d Cir. 2009), considered a prohibited factor, see Argueta v. Holder, 617 F.3d 109, 113 (2d Cir. 2010), or abused its discretion by failing to provide a rational justification or by applying the wrong legal standard, see Barco-Sandoval, 516 F.3d at 39. But a petitioner cannot "us[e] the rhetoric of a 'constitutional claim' or 'question of law' to

3

disguise what is essentially a quarrel about fact-finding or the exercise of discretion." Id.

Based on our review of the record, we conclude that Cruz's arguments that the BIA applied the wrong legal standards upon reviewing the IJ's decision do not raise genuine legal questions. The BIA did not subject the IJ's fact-finding to de novo review. It reevaluated the record created by the IJ regarding Cruz's conviction for reckless assault of a child and his inconsistent statements about the assault and came to a different conclusion about discretionary relief than the IJ, as it was permitted to do. Thus, Cruz raises "a quarrel about fact-finding or the exercise of discretion" that we have no jurisdiction to review. Id. at 39.

Even if we had jurisdiction to consider these arguments, we would reject them for the same reason. See 8 C.F.R. § 1003.1(d)(3)(ii) (providing that "[t]he Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo"); see, e.g., Khan v. Gonzales, 495 F.3d 31, 35 (2d Cir. 2007).

To the extent that Cruz claims that the BIA erred in its discretionary choices — including in its decision to cite to the text of N.Y. Penal Law § 120.02

in discussing the seriousness of the offense — we lack jurisdiction over that argument. See, e.g., Noble v. Keisler, 505 F.3d 73, 74 (2d Cir. 2007) ("Because we conclude that the BIA did not reject a finding of fact by the IJ that [petitioner] was rehabilitated, but instead evaluated the nature and extent of the rehabilitation as one equity among many in exercising its discretion, we conclude that the petitioner is, in substance, asking us to [impermissibly] review an exercise of discretion by the BIA.").

Cruz also argues that the BIA ignored evidence of the victim's recovery and harm that Cruz may suffer in Bolivia. We are not persuaded that the BIA erroneously ignored evidence. Although the BIA did not explicitly reference a medical report regarding the victim's recovery, it acknowledged the recovery and referenced the page of the IJ's decision discussing the report. It then concluded that the victim's recovery did not render the offense less serious. We are not free to reject this conclusion. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir. 2008) ("[W]e do not demand that the BIA expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (quotation marks omitted)); Xiao Ji Chen v. U.S. Dep't of Justice, 471

5

F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.").  As for Cruz's claim that the BIA failed to consider evidence that he would suffer harm in Bolivia, he failed to exhaust this issue before the agency.  Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 119–20, 124–25 (2d Cir. 2007) (explaining that issue exhaustion is generally mandatory and indicating that one purpose of exhaustion requirement is to give BIA opportunity to correct any errors).

We have considered Cruz's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the petition for review is DISMISSED.  All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

6