**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 21, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11277
Summary Calendar

BENITO V DIAZ,

Plaintiff-Appellant,

versus

WADE Turner, Sheriff, Coleman County; JO JONES, Chief Deputy
Sheriff; GARY BERRY, Deputy Sheriff; KEN BRIXEY, Deputy Sheriff;
JAMES MORRIS, Deputy Sheriff, JACK KENNEY, Head Jailor, Coleman
County Jail

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:02-CV-70-BI

----------------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Benito V. Diaz, Texas prisoner # 12229485 proceeding *pro se*

and *in forma pauperis* (IFP), appeals the dismissal of his 42 U.S.C.

§ 1983 action as frivolous under § 1915(e)(2)(B)(i).[1]  Diaz alleges

---

[*]  Pursuant to the 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under limited
circumstances set forth in 5TH CIR. R. 47.5.4.

[1]  28 U.S.C. § (e)(2)(B)(i) reads:
(e)...
   (2) Notwithstanding any filing fee, or any portion thereof, that may have
   been paid, the court shall dismiss the case at any time if the court
   determines that--
   ...
      (B) the action or appeal--

the violation of his right to access to the courts[2] and deliberate indifference to his medical conditions.[3,4]

We review a dismissal of a complaint as frivolous under § 1915(e)(2)(B)(i) for an abuse of discretion.[5] A district court may dismiss an IFP complaint as frivolous if it lacks an arguable basis in law or fact.[6] We have reviewed the record and find neither plain error nor abuse of discretion in the reasoning of the district court.

Diaz's assertions in his complaint and in the *Spears*[7] hearing, fail to demonstrate prejudice to his ability to prepare and transmit any necessary legal document to the court. Prisoners generally enjoy a constitutional right of access to the courts.[8] However, there does not exist "an abstract, freestanding right to a law library or legal assistance;" inmates are guaranteed "the conferral of a capability–the capability of bringing contemplated

---

(i) is frivolous or malicious...

[2] *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *see also McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998).

[3] *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).

[4] Diaz expressly abandons a third contention that he was denied access to mail. *See Marple v. Kurzweg*, 902 F.2d 397, 399 n.2 (5th Cir. 1990) (stating that a claim, neither argued nor briefed on appeal, is abandoned).

[5] *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

[6] *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

[7] *Spears v. McCotter*, 766 F.2d 179, 180-81 (5th Cir. 1985) (establishing, in *pro se* cases, the option of an evidentiary hearing before a magistrate judge, in lieu of a motion for a more definite statement of the claim), *overruled on other grounds*, *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

[8] *Jones v. Gretinger*, 188 F.3d 322, 325 (5th Cir. 1999).

challenges to sentences or conditions of confinement before the courts."[9] Therefore, a prisoner must "demonstrate that the alleged shortcoming in the library or legal assistance program hindered his efforts to pursue a legal claim."[10] Diaz received 241 of the 260 cases he requested, and he was not convicted of the crime for which he claims to have been denied access to legal documents. The district court did not abuse its discretion, neither in finding that Diaz failed to establish actual prejudice stemming from any alleged impediment to his right of access to the courts nor, consequently, in dismissing as frivolous Diaz's complaint.

Further, Diaz's allegations in his complaint and in his *Spears* hearing fail to establish that the defendants acted with deliberate indifference to his medical needs, as prohibited by the Eighth Amendment's protection against cruel and unusual punishment.[11] A finding of deliberate indifference "must rest on the facts clearly evincing 'wanton' actions on the part of the defendants,"[12] that the defendants knew of a substantial risk of serious harm and disregarded "that risk by failing to take reasonable measures to

---

[9]  *Lewis v. Casey*, 518 U.S. 343, 351 & 355 (1996).

[10]  Jones, 188 F.3d at 325.

[11]  *Mendoza*, 989 F.2d at 193.

[12]  *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

3

abate it."[13]

Diaz's complaint alleged the inadequacy of access to medications,[14] and the record does not demonstrate a wanton disregard for Diaz's health, pertaining thereto. Diaz received medical treatment, including emergency room care, medication (88 pain relief tablets in a span of twenty days), and multiple evaluations by a nurse practitioner. Diaz's deliberate indifference claim arises out of a disagreement with the medical treatment that he received–not being provided non-prescription medication on demand; such disagreement does not constitute deliberate indifference to medical needs.[15] Consequently, the district court did not abuse its discretion in dismissing Diaz's § 1983 claim, as alleged.

Diaz is warned that the affirmance of the district court's dismissal of his complaint as frivolous constitutes a "strike" for purposes of the three strikes provision, 28 U.S.C. § 1915(g).[16] Diaz is cautioned that if he accumulates three strikes, he will not

---

[13] *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) (stating that "it is firmly established that negligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action").

[14] Diaz proffers new arguments in subsequent motions and court filings that the district court properly refused to entertain. *See Yohey v. Collins*, 985, F.2d 222, 224-225 (5th Cir. 1993).

[15] *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

[16] *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996) (stating "it is straightforward that affirmance of a district court dismissal as frivolous counts as a single 'strike'").

be permitted to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.[17]

The judgment of the district court is AFFIRMED and SANCTION WARNING ISSUED.

---

[17] *See* 28 U.S.C. § 1915(g).